UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GINA SCAGLIONE,

        PLAINTIFF,

-against-

LANCASTER CENTRAL SCHOOL DISTRICT,

        DEFENDANT.

---

Index No.:

**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, GINA SCAGLIONE, by counsel, Sanders & Sanders, complains as follows against LANCASTER CENTRAL SCHOOL DISTRICT:

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under Title VII and the Civil Rights act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law ("New York HRL") and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), Plaintiff contends Defendant retaliated against her and discriminated against her based on her sex and disability by subjecting her to discriminatory terms and conditions of employment, including differential treatment and a hostile work environment, due to her sex and disability and because she engaged in protected activity under the relevant statutes.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 (4), as this case asserts rights under Title VII and the ADA.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper under 28 U.S.C. §1391(b).

5. Plaintiff has exhausted all administrative remedies, by filing a complaint with the Equal Employment Opportunity Commission on or about June 2, 2013. (Exh. 1 hereto), and being notified of her right to sue by notice dated August 12, 2014 (Exh. 2 hereto).

## PARTIES

6. Plaintiff Gina Scaglione has been a resident of New York State at all relevant times hereto. She is female and a member of the protected class as recognized by Title VII, ADA and the New York HRL.

7. Lancaster Central School District's Transportation Department is located at 295 Pleasant View Drive, Lancaster, NY 14086 and, at all relevant times, Defendant was an employer responsible for, among other things, transporting students in the Lancaster Central School District ("the District").

8. Robert W. Mowry is the District's Transportation Supervisor and he has held that position since approximately 2002.

9. Upon information and belief, Mr. Mowry has been accused of gender discrimination at the District and while employed at other prior employers.

10. The District has required Mr. Mowry to attend coaching sessions regarding leadership and management strategies and he was directed to refrain from contacting or communicating with at least one female subordinate.

## BACKGROUND

11. Plaintiff began working for Defendant in or about November of 1995, and currently holds the position of school bus driver.

12. Since 2002, Plaintiff was discriminated against based on her disability and gender by Supervisor, Robert Mowry.

## DISABILITY DISCRIMINATION

13. Plaintiff was subjected to discrimination based on her disability in connection with her employment with Defendant, including as set forth herein.

14. Plaintiff suffers from a permanent medical condition known to Defendant which sometimes causes Plaintiff to miss work.

15. Plaintiff tried to get the District to address the disability discrimination by making complaints to the District. The Plaintiff attempted to reach Dr. Vallely on three separate occasions, including on February 25, 2013, March 14, 2013 and as recently as May 17, 2014, through his secretary, Barb Fox. Plaintiff tried to reach Dr. Vallely because he was one of the complaint officers at the time, but Plaintiff received no returned calls from his office. Plaintiff had earlier discussed the matter with Superintendent Mr. Myzka, who told her that is was okay to bring in doctor's notes when she could get them. Plaintiff was still harassed by Mr. Mowry. On or about March 14, 2013, she felt so harassed by Mr. Mowry, she left his office in tears and went directly to the Assistant Superintendant's office. She discussed the situation with Ms. Jamie Phillips. She was so upset about the harassment that she could not drive her afternoon run.

16. On or about February 13, 2013, Plaintiff was out sick due to her disability. Upon Plaintiff's return to work, she found a note in her mailbox from Mr. Mowry requesting a meeting with him. Plaintiff had already filled out her absence form and was waiting on a note from her doctor.

17. Plaintiff agreed to meet with Mr. Mowry and was told that it is mandatory to have a doctor's note on the day she returned to work. Plaintiff explained that he doctor was only in the office on certain days and she was unable to obtain a note on the same day.

18. Mr. Mowry told Plaintiff he would confirm with Assistant Superintendent, Ms. Jamie Phillips, the proper procedure after an absence.

19. After not hearing back from Mr. Mowry Plaintiff met with Mr. Myzka on or about February 25, 2013 about whether or not she needed a doctor's note on the same day she returned to work. Mr. Myzka stated, "keep doing what you're doing; that is fine. I will inform Mr. Mowry."

20. Plaintiff was informed that it was not necessary to have a doctor's note on the same day she returned to work. Plaintiff was also told that she was allowed up to four days to provide proper documentation.

21. Mr. Mowry was unhappy and accused Plaintiff of going "over his head."

22. On or about March 13, 2013, Plaintiff received a letter from Ms. Phillips stating that the documentation she provided was unacceptable and that they would not accommodate unscheduled absences. The letter also stated that Plaintiff's medical documentation would not preclude her from disciplinary action.

23. Mr. Mowry talks to Plaintiff in a demeaning, hostile and abusive tone of voice. He does not talk to non-disabled, male employees the same way.

## GENDER DISCRIMINATION

24. Plaintiff has complained to the District that she has been a victim of discrimination based on gender by Supervisor, Mr. Mowry. No action has been taken to remedy the discrimination by Mr. Mowry.

25. The gender discrimination and hostile work environment included verbal conduct directed towards Plaintiff, fellow employees, and/or was witnessed by both the Plaintiff and other employees.

26. As background, Mr. Mowry had visited Plaintiff outside of her working hours for purposes unrelated to work. Plaintiff understood these to be unwelcome sexual overtures and she rebuffed him to the best of her ability.

4

27. Throughout the relevant time period, Mr. Mowry talked to Plaintiff in a demeaning, hostile and abusive tone of voice. He does not talk to male employees the same way.

28. For example, on or about October 23, 2012, Plaintiff was talking to co-worker, Mary Refermat, when Mr. Mowry falsely accused Plaintiff of having a mental problem.

29. Most recently, Plaintiff wrote to Superintendent, Dr. Michael Vallely on May 15, 2014 and May 21, 2014 complaining about Mr. Mowry's behavior.

## FIRST CAUSE OF ACTION –
## GENDER DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff repeats and realleges every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as though fully set forth herein.

31. At all relevant times herein, Plaintiff was a female employee with the meaning of Title VII.

32. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of gender in violation of Title VII by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment.

33. Defendant also subjected Plaintiff to a sexually hostile work environment.

34. Defendant has subjected Plaintiff to retaliation for having engaged in protected action.

35. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

36. Defendant's conduct was outrageous, was done in a deliberate and malicious manner intended to injure Plaintiff and was done in conscious disregard to Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION –

## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF ADA

37. Plaintiff repeats and realleges every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38. At all relevant times herein, Plaintiff was a disabled employee within the meaning of ADA.

39. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of disability in violation of ADA by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment and subjecting Plaintiff to a hostile work environment.

40. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

## THIRD CAUSE OF ACTION –
## DISABILITY AND GENDER DISCRIMINATION AND RETALIATION IN VIOLATION OF NEW YORK HRL

41. Plaintiff repeats and realleges every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42. At all relevant times, herein, Plaintiff was a disabled female employee within the meaning of the New York HRL.

43. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of disability and gender in violation of the New York HRL by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment.

44. Defendant also subjected Plaintiff to a sexually hostile work environment.

45. Defendant has subjected Plaintiff to retaliation for having engaged in protected action.

46. As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost past and future wages and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Empanel a jury to hear Plaintiff's complaint;

b) Enter judgement declaring the acts and practices of Defendant to be in violation of the laws of the United States and the State of New York;

c) Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d) Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e) Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

f) Award Plaintiff punitive damages;

g) Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
      August 27, 2014

<u>s/Harvey P. Sanders</u>
Harvey P. Sanders, Esq.
SANDERS & SANDERS
Attorneys for Plaintiff
401 Maryvale Drive
Cheektowaga, NY 14225

## VERIFICATION

State of New York    )
County of Erie       ) SS:

Gina Scaglione, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

                                                                                                                            s/Gina Scaglione
                                                                                                                            Gina Scaglione

Subscribed and sworn to before me
this 26th day of August, 2014

s/Harvey P. Sanders
Notary Public, State of New York
Qualified in Erie County
Commission Expires July 6, 2018

**EXHIBIT 1**

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 525-2013-00615 |

| New York State Division of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Gina Scaglione | 716-578-2724 | 8/7/1966 |

| Street Address | City, State and ZIP Code |
|---|---|
| 148 Pavement Road, Lancaster, NY 14086 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LCSD Transportation Department | Unknown | 716-686-3290 |

| Street Address | City, State and ZIP Code |
|---|---|
| 295 Pleasantview Drive, Lancaster, NY 14086 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE  __ COLOR  _X_ SEX  __ RELIGION  __ NATIONAL ORIGIN

__ RETALIATION  __ AGE  _X_ DISABILITY  __ OTHER (Specify below.)

AMENDED CHARGE

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 10/11/2012    Latest 10/23/2012

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

I began my employment with Respondent in or about November of 1995. I currently hold the position of a school bus driver. I have Lupus which sometimes causes me to miss work.

Throughout my employment at Respondent, I have been discriminated against based on my sex and disability by Supervisor, Robert Mowry.

I believe Mr. Mowry treats me differently than men and/or employees without disabilities. For example, on or about October 23, 2013, I was yelled at for speaking with Mary Refermat and Mr. Mowry continued to ask me if I had a mental problem. I feel as though Mr. Mowry was trying to intimidate me, causing a hostile work environment. Upon information and belief, there is a record of females who have lodged complaints against Mr. Mowry.

Mr. Mowry also harasses me based on my disability. I was out sick due to my disability on or about February 13, 2013. Upon my return, on February 14, 2013, I found a note in my mailbox from Mr. Mowry. The note indicated that I must have a meeting with him even though I already filled out my absence form and was waiting on my note from my doctor. During this meeting, Mr. Mowry told me it was mandatory to have my doctor's note on the day I returned to work. I explained to him that it would be impossible to obtain a doctor's note on the same day because he is only in the office on Monday, Wednesday and Friday. Mr. Mowry told me he would have to confirm this with Jaime Phillips. After not hearing back from Mr. Mowry eight days later, I directly asked the Superintendent, Mr. Myzka, whether or not I needed a doctor's note the first day back or not. Mr. Myzka notified Mr. Mowry that I did not need the note the first day upon my return. Mr. Mowry continued to harass me. He reprimanded me for going "over his head" to Mr. Myzka.

-continued-

spoke with Jaime Phillips regarding this issue. She proceeded to tell me that she does not ...ct people to have the note the next day. I was also told that I was allowed four days to provide ...dical documentation.

On March 13, 2013, I received a letter from Ms. Phillips stating that the documentation I provided was unacceptable. This letter also stated that Respondent would not accommodate unscheduled absences. Due to my illness, I am not aware ahead of time when I will be sick. The letter also stated that my medical documentation from my doctor would not preclude me from disciplinary action.

I believe that I was subjected to discrimination and a hostile work environment because of my gender and disability, in violation of the Age Discrimination in Employment Act, Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

|  | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br><br>*[signature]*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)<br>*[signature]* Sharon Aikens Dzierba<br>June 27, 2013 |
| _____   _____<br>Date             Charging Party Signature | SHARON AIKENS DZIERBA<br>NOTARY PUBLIC STATE OF NEW YORK<br>ERIE COUNTY<br>LIC. #01DZ6234961<br>COMM. EXP. 1/31/2015 |

# EXHIBIT 2



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2015 4049

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 12, 2014

Ms. Gina M. Scaglione
c/o Harvey P. Sanders, Esquire
Law Offices of Sanders & Sanders
401 Maryvale Drive
Cheektowaga, NY 14225

Re: EEOC Charge Against Lancaster Central School Dist.
    No. 525201300615

Dear Ms. Scaglione:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Molly J. Moran
Acting Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
    Lancaster Central School Dist.